**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGER FRENCH, | No. 15-15470 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02153-JJT |
| v. | |
| KARLA STARR, in her capacity as a Judge of the CRIT Tribal Appellate Court; ROBERT N. CLINTON, in his capacity as a Judge of the CRIT Tribal Appellate Court; ROBERT MOELLER, in his capacity as a Judge of the CRIT Tribal Appellate Court; LAWRENCE C. KING, in his capacity as the Chief and Presiding Judge of the Colorado River Indian Tribes Tribal Court; HERMAN "TJ" LAFFOON, official capacity as member of the CRIT Tribal Council; SYLVIA HOMER, Acting Chairwoman of the Colorado River Indian Tribes, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 16, 2017[]
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and HUCK,[***] District Judge.

Plaintiff Roger French appeals the district court's grant of summary judgment in favor of Defendants, who are members of the Tribal Court and Tribal Council of the Colorado River Indian Tribes ("CRIT").  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

French argues CRIT lacked jurisdiction to adjudicate eviction proceedings relating to his leasehold ("the Permit") on the California side of the Colorado River (the "Western Boundary lands") because French's lot is not part of the Colorado River Indian Reservation.  Both the Permit and the assignment of that Permit to French described the lot in question as within the Colorado River Indian Reservation.  French paid rent pursuant to the Permit, first to the Bureau of Indian Affairs for the benefit of CRIT and then directly to CRIT, from 1983 through 1993.  French is therefore estopped from contesting CRIT's title.  *See Richardson*

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

[1] We deny Defendant-Appellees' motion for judicial notice [Dkt. #11] and Plaintiff-Appellant's motions for judicial notice [Dkt. #27 and #30].

*v. Van Dolah*, 429 F.2d 912, 917 (9th Cir. 1970), *Goode v. Gaines*, 145 U.S. 141, 152 (1892) (estoppel does not depend on validity of landlord's title), *William v. Morris*, 95 U.S. 444, 455 (1877) (when tenant gains possession, tenant is estopped from denying title of landlord).

Once French's challenge to CRIT's title is resolved, this case is squarely controlled by *Water Wheel Camp Recreational Area, Inc. v. La Rance*, 642 F.3d 802 (9th Cir. 2011) (CRIT properly exercised jurisdiction over an unlawful detainer action for breach of lease by a non-tribal member within the Western Boundary lands).

AFFIRMED.